RAHMATULLAH MAYAN,

      Plaintiff,

v.                                          Case No: 6:15-cv-2183-Orl-18TBS

ZARGHEE MAYAN, SOHAIL MAYAN
and 786-ZZPA, INC.,

      Defendants.

_____

## ORDER

Pending before the Court are Defendant/Counter-Plaintiff 786-ZZPA, Inc.'s Motion to Compel Production of Documents from Plaintiff Rahmatullah Mayan (Doc. 60) and Z86-ZZPA. Inc.'s Motion to Compel Interrogatory Answers (Doc. 61). No response to either motion has been filed, as required by Local Rule 3.01(b), and the time for doing so has expired. Upon review, the motions are **granted in part and denied in part,** as set forth below.

### I. Background

In May 2014, Plaintiff Rahmatullah Mayan ("Rahmatullah") began working for Defendants Zarghee Mayan ("Zarghee"), Sohail Mayan ("Sohail"), and 786-ZZPA, Inc. at their restaurant, New Texas Fried Chicken, located at 400 S. Orange Blossom Trail in Orlando, Florida (the "First Location"). Rahmatullah alleges that he worked for Defendants as a cook, as well as working at the register and the drive-through window (Doc. 21 at ¶ 9). Defendants allege that Rahmatullah worked or volunteered for them, intermittently, from May 2014 until November 2015 (Doc. 32, Counterclaim ¶ 14). During

this period, Rahmatullah resided in Sohail's household as a family member (Doc. 32 ¶ 13).

Rahmatullah claims that in August 2014, Defendants informed him that, in exchange for $45.000, he could purchase a fifteen percent (15%) interest in the First Location (Doc. 21 ¶12). Rahmatullah alleges that $20,000 was paid to Defendants who advised him that the remaining $25,000 would be deducted from his wages (Id. ¶¶ 13-14). Defendants opened another New Texas Fried Chicken located at 2200 Americana Boulevard in Orlando, Florida (the "Second Location") in March 2015, and allegedly told Rahmatullah he could purchase a fifteen percent ( 15%) interest in that restaurant for $8.000 (Id. ¶¶ 8, 17). In November 2015, "after disagreeing with Plaintiff's lifestyle choices, the Mayan family asked [Rahmatullah] to leave the household." (Id. ¶ 16). In or around November 28, 2015, Defendants terminated Rahmatullah's employment at the First and Second Locations (Doc. 21 ¶ 23; Doc. 32 ¶ 17). Rahmatullah filed this lawsuit on December 30, 2015 (Doc. 1).

On February 23, 2016, Rahmatullah filed his Second Amended Complaint (Doc. 21) alleging that Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U .S.C. § 20I *et. seq.*, by failing to pay Rahmatullah minimum and overtime wages he was owed during his employment by Defendants. (Id. ¶¶ 34-38). Rahmatullah also alleges that Zarghee and Sohail breached the verbal agreements whereby Rahmatullah would purchase interests in the First and Second Locations (Id. ¶¶ 39-43).

On July 14, 2016, Defendants filed their Amended Answer with Affirmative Defenses, Counterclaim, and Third-Party Complaint (Doc. 32). 786-ZZPA, Inc. brings the Counterclaim and Third-Party Complaint against Rahmatullah and Third-Party Defendant, Bismillah SNR, LLC ("Bismillah"). The Counterclaim and Third-Party Complaint alleges

that Rahmatullah is and has always been Bismillah's sole member (Doc. 32 ¶ 19). Bismillah allegedly registered the Florida fictitious name "# I Texas Fried Chicken." (Id. ¶ 20.) And, Rahmatullah and Bismillah allegedly opened a restaurant under that fictitious name (the "Competing Restaurant") (Id. ¶21).

786-ZZPA, Inc. brings claims against Rahmatullah and Bismillah for unfair competition, trade infringement, trade dilution, unfair and deceptive trade practices, service mark infringement, trade libel, and misappropriation of trade secrets (Id.). 786-ZZPA claims that "[Rahmatullah] and Bismillah designed the Competing Restaurant to look like it was affiliated with 786-ZZPA's restaurant." (Id. ¶ 22). According to 786-ZZPA, Rahmatullah and Bismillah painted the Competing Restaurant in the same color scheme, offered the same menu items in a substantially similar menu, designed and used a substantially similar logo on the storefront and marketing material, advertised the Competing Restaurant in a similar manner, and otherwise misled 786-ZZPA.Inc.'s customers and vendors into believing that the Competing Restaurant was affiliated with 786-ZZPA, Inc.'s restaurants (Id. ¶¶ 22-36). 786-ZZPA, Inc. also avers that Rahmatullah published a photograph of himself on Facebook wearing a shirt with the name "# I Texas Fried Chicken" and smoking a marijuana cigar, which associated 786-ZZPA, Inc.'s brand with illegal drug use (Id. ¶37).

These claims and counterclaims frame the discovery disputes at issue.

## II. Motion to Compel Production

786-ZZPA, Inc. served its First Set of Requests for Production of Documents on Rahmatullah on December 12, 2016 (Doc. 60-1). Rahmatullah served objections and responses (Doc. 60-2), and represented, as to most requests, that he would "produce those documents in his possession which are responsive to this request, to the extent

that they have not already been produced."(Id.). According 786-ZZPA, Inc., on or about February 3, 2017, Rahmatullah's then-counsel[1] served a 14-page PDF in response to the thirty-one requests. This PDF is not before the Court, but 786-ZZPA, Inc. represents that it contained: witness affidavits (pages 1-4), Articles of Organization for Bismillah (pages 5-6), duplicative screenshots of the same redacted Facebook messenger conversation (pages 7-8, 14), a screenshot of text messages (page 9), a screenshot of payment receipts (page 10), a screenshot of part of a text conversation (page 11), and partially illegible screenshots of photographs of the menu for #1 Texas Fried Chicken (pages 12-13). Counsel conferred regarding what 786-ZZPA, Inc. felt was an insufficient production and misplaced or unsupported objections (Docs. 60-3 and 60-4). On March 17, 2017, Rahmatullah served amended or supplemented responses (Doc. 62-1). No additional documents were produced. This motion followed.

A party may file a motion to compel against another party who fails to permit inspection of documents within its possession, control, or custody. See FED. R. CIV. P. 34(a)(1), 37(a)(3)(B)(iv); Bloodworth v. United States, 623 F. App'x 976, 979 (11th Cir. 2015). In relevant part, Rule 37(a)(4), FED. R. CIV. P., states "[f]or purposes of this subdivision (a), an evasive or incomplete ... answer, or response must be treated as a failure to ... answer, or respond." Defendant contends that Plaintiff has failed to properly comply with his discovery obligations in that he raises inappropriate objections to some requests and promised production of documents, but did not produce them. I have reviewed the objections and responses, and find as follows.

---

[1] Counsel has since withdrawn and Plaintiff is proceeding *pro se.*

Request Nos. 2, 3, & 4

**No. 2: Complete communications, as such word is defined above, between you and any Defendant in this case that included discussion of any matters related to the claims in your second amended complaint or 786-ZZPA, INC.'s counterclaim.**

Response: Responding Party objects to the extent that such documents are, by their very nature, equally available to Defendants. Notwithstanding and subject to that objection, Responding Party will produce those documents in his possession which are responsive to this request, to the extent that they have not already been produced. Discovery is in its infancy in this matter, and Responding Party reserves to right to produce additional documents as they are discovered.

**No. 3: Complete communications, as such word is defined above, between you and anyone else, including your father, Matiullah Babur, and any other individual: (a) Wherein matters related to the claims in your second amended complaint were discussed; (b) Wherein matters related to the claims in 786-ZZPA, INC's counterclaim were discussed; (c) Wherein your role, position, or occupation for or with 786-ZZPA, INC. was discussed; (d) Wherein Zarghee Mayan or Sohail Mayan were discussed, directly or indirectly; (e) The use of 786-ZZPA, INC.'s service mark, logo, trade name, or trademark, or variations thereof.**

Response as to subparts a through d: Responding Party will produce those documents in his possession which are responsive to this request, to the extent that they have not already been produced. Discovery is in its infancy in this matter, and Responding Party reserves to right to produce additional documents as they are discovered.
Response as to subpart e: Responding Party is not aware of any responsive documents in his possession. Discovery is continuing.
Responding Party amends this response to indicate that he has thoroughly reviewed the records in his possession, and has not located any responsive documents. Discovery is continuing.

**No. 4: Any and all letters, emails, text messages, and other communications, as such term is defined above, between you and any officers, agents, employees, or representatives of 786-ZZPA, INC. that relate in any way, directly or indirectly, to your employment, role, duties, or position with 786-ZZPA, INC., or the claims in your complaint or the counterclaim.**

Response: Responding Party objects to the extent that such documents are, by their very nature, equally available to Defendants. Notwithstanding and subject to that objection, Responding Party will produce those documents in his possession which are responsive to this request, to the

extent that they have not already been produced. Discovery is in its infancy in this matter, and Responding Party reserves to right to produce additional documents as they are discovered.

786-ZZPA, Inc. argues that Rahmatullah's objections are baseless, and the documents provided are insufficient, incomplete, or otherwise lacking in that they do not include complete communications in native format, but are screenshots which are missing information such as the date of the communication. The Court agrees, in part.

Courts, including this one, have explained that producing documents "notwithstanding" objections "preserves nothing and wastes the time and resources of the parties and the court." Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-CV-749-ORL-41, 2015 WL 1470971 at *4 (M.D. Fla. Mar. 31, 2015), quoting Martin v. Zale Del., Inc., 2008 WL 5255555, *2 (M.D. Fla. Dec.25, 2008) and citing Chambers v. Sygma Network, Inc., No. 6:12-cv-1802-Orl-37TBS, 2013 WL 1775046, at *3 (M.D. Fla. Apr.25, 2013); Pepperwood of Naples Condominium Ass'n., Inc. v. Nationwide Mutual Fire Ins. Co., No. 2:10-cv-753-FtM-36SPC, 2011 WL 3841557, at *2 (M.D.Fla. Aug.29, 2011); Guzman v. Irmadan, Inc., 249 F.R.D. 399, 401 (S.D.Fla.2008); Howard v. Sweetheart Cup Co., No. 00 C 648, 2001 WL 721765, at *3 (N.D. Ill. June 27, 2001). Moreover, "merely because an item may be available from another source is not a proper objection." Central Transport Int'l, Inc. v. Global Advantage Distrib., Inc., No. 2:06-401-FtM-29SPC, 2007 WL 3124715, at *2 (M.D. Fla. 2007). Rahmatullah's objections are therefore overruled. To the extent he has withheld any responsive documents (or portions of the documents produced, or documents in their native format) on the basis of these objections, **the motion is granted,** and Rahmatullah shall produce such withheld documents within seven days from the rendition of this Order.

786-ZZPA, Inc.'s request for an order compelling "complete" communications assumes that Rahmatullah has additional documents which were not produced. 786-ZZPA, Inc. has not presented any basis for such a conclusion and Rahmatullah has explicitly disclaimed additional documents, at least with respect to Request 3. As Rahmatullah is obligated to supplement discovery if other documents come to light, the motion is **denied** to the extent it seeks an order to compel production of documents Rahmatullah claims he does not have.

### Request No. 5

> **Any and all photographs of the competing restaurant, in full or in part, interior or exterior.**
>
> Response: Responding Party is not aware of any responsive documents in his possession. Discovery is continuing.
> Amended Response: Responding Party amends this response to indicate that he has thoroughly reviewed the records in his possession, and has not located any responsive documents.

786-ZZPA, Inc. contends that Rahmatullah is "not being truthful" in that he has publicly posted pictures to his Facebook profile and the Competing Restaurant's website. As Rahmatullah has not responded to the motion, the Court accepts this representation as uncontested. The motion is therefore **granted** as to this request. Rahmatullah is **ordered** to produce any photographs of the Competing Restaurant within seven days from the rendition of this Order.[2]

### Request Nos. 6 and 7

> **No. 6: In their original or native format, all advertising materials used to promote or advertise the competing restaurant, including any and all coupons, fliers, pamphlets, brochures, T-shirts, polo shirts, business cards, hats, key chains, pens, cups, plates, table tents, etc.**

---

[2] Defendant did not define "photograph" in the Requests. To the extent the images posted to the internet are digital, Plaintiff is **ordered** to produce those images.

Response: Responding Party will produce those documents in his possession which are responsive to this request, to the extent that they have not already been produced. Discovery is in its infancy in this matter, and Responding Party reserves to right to produce additional documents as they are discovered.

**No. 7: In their original or native format, all menus used by the competing restaurant, including any distinctive "grand opening" menus; specials; seasonal or "limited time" menus; beverage menus; and desert menus. (In the case where an oversized menu is attached to the wall or structure within the competing restaurant, legible photographic reproductions are acceptable. However, other menus should be produced in native format.)**

Response: Responding Party will produce those documents in his possession which are responsive to this request, to the extent that they have not already been produced. Discovery is in its infancy in this matter, and Responding Party reserves to right to produce additional documents as they are discovered.

786-ZZPA, Inc. contends that the two screenshots produced are insufficient as Rahmatullah promoted the Competing Restaurant on social media and through an advertising flier, a copy of which 786-ZZPA, Inc. obtained through a third-party subpoena. 786-ZZPA, Inc. argues that if Rahmatullah discarded these materials "it is likely he spoliated evidence."

The issue of spoliation is not properly joined on the record before the Court. Rahmatullah has responded that he will produce responsive documents "to the extent they have not already been produced." For present purposes, that qualification is **overruled.** The motion is **granted** as to these requests, and Rahmatullah is **ordered** to produce any responsive documents within seven days from the rendition of this Order.

**Requests 8, 11, 12, 13, 16, and 18-22**

For these requests, Rahmatullah responds that he is "not aware of any responsive documents in his possession," despite a "thorough review" of his

records. <u>See</u> responses to Requests 8, 11, 12, 13, 16, and 18-22. 786-ZZPA, Inc. argues that the documents requested (tax returns, recipes used by the Competing Restaurant, contracts, leases for the property, vendor invoices, receipts and the like) should be in Rahmatullah's actual possession, but if they are not, they are reasonably within his custody or control, and Rahmatullah should be ordered to contact his landlord, vendors and accountant, in order to provide the documents. I agree.

Pursuant to Rule 34(a), a party must produce documents in response to a request for production where those documents are "in the responding party's possession, custody, or control [.]" FED. R. CIV. P. 34(a). "Whether documents are in a parties control under Rule 34 is broadly construed." <u>Costa v. Kerzner Int'l Resorts, Inc.,</u> 277 F.R.D. 468, 470-71 (S.D. Fla. 2011), citing <u>SeaRock v. Stripling</u>, 736 F.2d 650, 653 (11th Cir.1984) (finding that "[c]ontrol is defined not only as possession, but as the legal right to obtain documents requested upon demand"). <u>See</u> <u>also</u> <u>Sergeeva v. Tripleton Int'l Ltd.,</u> 834 F.3d 1194, 1201 (11th Cir. 2016) (finding the <u>SeaRock</u> standard to be the "correct legal standard."). To the extent Rahmatullah is a party to any lease, contract or transaction, he has the right to obtain a copy of any such document. Similarly, a copy of any tax return he filed is within his control. The motion is **granted** as to these requests. Rahmatullah is **ordered** to produce the requested responsive documents within seven days from the rendition of this Order.

**Request Nos. 9 & 10**

> **No. 9: Your complete cell phone records for the period you were allegedly working for 786-ZZPA, INC. (from May 1, 2014, through and until November 28, 2015).**

**No. 10: Your complete cell phone records for the period in which you allegedly ceased working at 786-ZZPA, INC. and began preparations for opening the competing restaurant (from November 28, 2015, through and until December 31, 2016).**

Plaintiff provided the same response to both of these requests:

Response: Responding Party objects that this request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. This request is also an invasion of Plaintiff's right to privacy. Responding Party will not produce any responsive documents to this request as drafted.

Amended response: Responding Party is requesting copies of his complete cell phone records during the requested time period. He will redact out personal calls, and will otherwise produce the same once they are in his possession.

With respect to the relevancy objections, parties "may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). The federal rules "strongly favor full discovery whenever possible." Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1547 (11th Cir. 1985). Still, discovery must be relevant. "[R]equiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" Builders Flooring Connection, LLC v. Brown Chambless Architects, No. 2:11CV373-MHT, 2014 WL 1765102, at *1 (M.D. Ala. May 1, 2014) (quoting GAP Report of Advisory Committee to 2000 amendments to Rule 26). "As the Advisory Committee Notes say, '[t]he Committee intends that the parties and the court focus on the actual claims and defenses involved in the action.'" Liese v. Indian River Cty. Hosp. Dist., 701 F.3d 334, 355 (11th Cir. 2012) (quoting the GAP Report).

Rahmatullah's phone records are relevant to the claims and defenses at issue in both the wage and hour claims and the counterclaim, as Rahmatullah is alleged to have contacted 786-ZZPA, Inc.'s vendors, suppliers, and advertisers. As for privacy concerns, 786-ZZPA, Inc. correctly notes that the records do not include the contents of phone calls, but merely the numbers, dates, times, and phone call lengths. The motion is **granted** as to this request. Rahmatullah is **ordered** to obtain his phone records, as he represented he would, and produce them to 786-ZZPA, Inc. within seven days.

### Request Nos. 14 and 15

786-ZZPA, Inc. asks for a printout of Rahmatullah's Facebook friends list and comments posted to his Facebook page that mention 786-ZZPA, Inc. or either restaurant. Despite Rahmatullah's response that he will produce the responsive documents, he has not done so. The motion is **granted** as to this request. Rahmatullah is **ordered** to produce the requested documents within seven days from the rendition of this Order.

### Request No. 24

**Any and all law enforcement records or reports wherein you were arrested or charged, or if the police were called to your home or workplace, as a result of any illegal drug use or distribution or sale of illegal drugs.**

Response: Responding Party objects that this request seeks information not relevant to the subject matter of this lawsuit and not calculated to lead to the discovery of admissible evidence. This request is also an invasion of Plaintiff's right to privacy. Further, Responding Party is not aware of any responsive documents in his possession.

Amended response: Responding Party amends this response to indicate that he has thoroughly reviewed the records in his possession, and has not located any responsive documents.

786-ZZPA, Inc. argues that the objections based on relevancy and privacy are misplaced as Rahmatullah "opened the door" to character evidence when he filed this lawsuit. I do not agree. Filing a wage and hour claim does not necessarily make a party's criminal history relevant and there is nothing in the FLSA that limits its coverage to only non-offenders. Moreover, the request seeks records where Rahmatullah was "arrested or charged" (not convictions) or "the police were called." As framed, this request is objectionable on its face. The motion is **denied** with respect to this request.

### Request Nos. 26, 29-31

These requests seek financial records relevant to the claims and Rahmatullah has responded that he will produce the documents. 786-ZZPA, Inc. represents that he has not done so, as the only responsive documents produced are two screenshots of what appear to be two electronic transfers of $2000. 786-ZZPA, Inc. is entitled to production of the requested documents. Screenshots which do not contain all relevant information will not suffice. The motion is **granted** as to these requests and Rahmatullah is **ordered** to provide the bank records within seven days from the rendition of this Order.

### III. Motion to Compel Interrogatory Answers

On December 28, 2016, 786-ZZPA, Inc. served its First Set of Interrogatories on Rahmatullah (Doc. 61-1). Rahmatullah responded, serving objections with answers (Doc. 61-2). Counsel conferred and Rahmatulla's then-lawyer served unverified amended responses (Doc. 61-5). 786-ZZPA, Inc. moves to compel better, verified answers. Rule 37(a)(3)(B)(iii) allows a "party seeking discovery ... [to] move for an order compelling an answer, designation, production, or inspection" when "a party fails to answer an

interrogatory submitted under Rule 33." Rule 37(a)(4) further states that "an evasive or

incomplete ... answer, or response must be treated as a failure to ... answer, or respond."

I have reviewed the seven Interrogatories, answers and objections at issue, and find as

follows.

**Interrogatory No. 2**

> **Did you open, or facilitate the opening of, the competing restaurant? If so,
> please provide any and all reasons or justifications for your doing so and
> identify any and all individuals who assisted. If not, explain your answer,
> and explain who, if anyone, did.**

> Object to the extent that the request is compound, conjunctive, and contains
> unenumerated subparts, such that the total number of interrogatories
> exceeds the amount permitted by the FRCP. Notwithstanding and subject to
> those objections, Responding Party responds:
> Responding Party did open a new restaurant, dubbed herein the "competing
> restaurant." Following his termination, Responding Party needed a way to
> earn a living, and believed that he could successfully operate a chicken
> restaurant. To the extent that "assisted" has been subsequently defined in
> your correspondence, we provide the following names:
> Monti Baburi – loaned Responding Party money towards the opening of the
> store. He may be contacted through his counsel Stephen Luther, at
> <u>sluther@addmg.com</u>.

786-ZZPA, Inc. argues that the objection as to the number of interrogatories is

baseless and the answer itself is incomplete and insufficient. 786-ZZPA, Inc. is partially

correct. Rule 33(a) provides that "[u]nless otherwise stipulated or ordered by the court, a

party may serve on any other party no more than 25 written interrogatories, including all

discrete subparts." FED. R. CIV. P. 33(a)(1). "Courts in this Circuit often use a 'related

question' test to determine whether a subpart is part of an interrogatory or is more

properly considered a discrete, separate interrogatory." <u>Guarantee Ins. Co. v. Heffernan

Ins. Brokers, Inc.</u>, No. 13-23881-CIV, 2014 WL 5319866, at *5 (S.D. Fla. Oct. 16, 2014).

Under this test, courts assess "whether the particular subparts are logically or factually

subsumed within and necessarily related to the primary question.... If the subparts are

subsumed and necessarily related to the primary question, then the subpart is not "discrete" within the meaning of Rule 33(a)." Oliver v. City of Orlando, No. 6:06CV-1671-ORL-31DAB, 2007 WL 3232227, at *2 (M.D. Fla. Oct. 31, 2007) (internal citations omitted). "[A]n interrogatory containing subparts directed at eliciting details concerning a 'common theme' should generally be considered a single question." Border Collie Rescue, Inc. v. Ryan, No. 3:04CV568J32HTS, 2005 WL 662724, *1 (M.D.Fla. Mar.15, 2005) (further noting that "an interrogatory which contains subparts that inquire into discrete areas should, in most cases, be counted as more than one interrogatory."). Here, the question follows a common theme regarding the circumstances of the creation of the Competing Restaurant, the subparts are, thus, not discrete, and Rahmatullah's objection is overruled.

That said, I do not agree that the answer provided is insufficient or incomplete. As defined in the referred-to subsequent correspondence (Doc. 61-3 at 2-3), "assisted" includes scouting the location, financing, preparing the building, marketing the new location, and other things. Rahmatullah has listed a name as responsive to this Interrogatory. Although 786-ZZPA, Inc. presumes that others also assisted, there is no basis for that assumption in this record. If the answer is verified, this represents an adequate response, subject, of course, to the penalties of perjury and the obligation to supplement should later information become available. Therefore, the motion is **granted, in part**, to the extent that Rahmatullah is **ordered** to provide sworn responses within seven days from the rendition of this Order. Rahmatullah shall review all answers provided in his Amended Response (Doc. 61-5), supplement them, if they are incomplete or inaccurate, and execute the verification before a notary public within seven days from the rendition of this Order.

**Interrogatory No. 6**

**Did you create the menu for the competing restaurant? If so, please explain how you acquired the recipes and/or cooking instructions used to prepare each menu item, including sauces and marinades.**

Object to the extent that the request is compound, disjunctive, and contains unenumerated subparts, such that the total number of interrogatories exceeds the amount permitted by the FRCP. Further object to the extent that the request is vague and ambiguous as to "create the menu." Notwithstanding and subject to those objections, Responding Party responds: a) Responding Party did create the menu for the restaurant, in that he selected the items that would be served thereat. b) The recipes are ones he used before in his work at various fried chicken restaurants, including those restaurants previously owned by his father where Defendants had also worked prior to opening their current restaurants. The sauces were purchased pre-made from Restaurant Depot.

786-ZZPA, Inc. contends that the objection should be overruled, as above, argues that the answer is vague, and Rahmatullah "must be required to identify those 'various restaurants' and state which recipes, for which menu items, were acquired from which restaurant." (Doc. 61 at 6). The objection regarding subparts is overruled, for the reasons stated above. The answer is not vague and is sufficient for present purposes. Nonetheless, the answer still needs to be verified. Therefore, the motion is **granted, in part**, to the extent that Rahmatullah is **ordered** to provide sworn responses within seven days from the rendition of this Order. Rahmatullah shall review all answers provided in his Amended Response (Doc. 61-5), supplement them, if they are incomplete or inaccurate, and execute the verification before a notary public within seven days from the rendition of this Order.

**Interrogatory Nos. 11 & 12**

**No. 11 – For each month in the relevant time period, please provide a list of all of your income, from whatever source, including, without limitation,**

**wages, gifts, and loans, and identify the source of income, type of income, and the amount.**

Object to the extent that the request is compound, disjunctive, and contains unenumerated subparts, such that the total number of interrogatories exceeds the amount permitted by the FRCP. Further object to the extent that the request is unduly burdensome and not reasonably tailored to elicit relevant admissible evidence. Notwithstanding and subject to those objections, Responding Party responds:
Responding Party cannot break down his income for the months set forth, as he has no records thereof. During the time he worked for Defendants, his income was as stated in the Complaint.

**No. 12 – For each month from about May 2014 through November 2015, please provide a list of all of your expenditures, including, without limitation: rent, utilities, car payments, insurance, legal fees, fines, loan payment, clothing, food, medical bills, entertainment, etc., and identify the amount on each.**

Object to the extent that the request is compound, disjunctive, and contains unenumerated subparts, such that the total number of interrogatories exceeds the amount permitted by the FRCP. Further object to the extent that the request is unduly burdensome and not reasonably tailored to elicit relevant admissible evidence. Notwithstanding and subject to those objections, Responding Party responds:
Responding Party cannot break down his costs for the months set forth, as he has no records thereof.

786-ZZPA, Inc. reiterates its argument with respect to the number of interrogatories, and the Court agrees, for the reasons stated above. However, I do not agree that the rest of the objections are baseless. 786-ZZPA, Inc. is seeking all of the details of Rahmatullah's finances based upon a conclusory assertion that Rahmatullah's "income and expenses are highly relevant to R. Mayan's claims, as well as 786-ZZPA, INC.'s counterclaims and affirmative defenses." (Doc. 61 at 8). 786-ZZPA, Inc. fails to show how the amount Rahmatullah spent on food in May 2014 or a sweater in June 2015 is relevant to anything pled here. Rahmatullah's relevancy objection is sustained and the motion is **denied** as to these Interrogatories.

**Interrogatory No. 13**

**In the last ten (10) years, have you ever been arrested or charged with a crime? If so, please provide a detailed description of each and every arrest or charge, including the dates and places of each arrest, the charge and the reason(s) for the arrest, and the disposition or outcome.**

Object to the extent that the requests, including subparts, exceed the 25 permitted by FRCP 33. Further object that the request is not reasonably tailored to the discovery of relevant or admissible information. Further object to the extent that the information is publically available and therefore equally available to Propounding Party as it is to Responding Party. As such, Responding Party will not respond to this request.

In the unverified supplement, Rahmatullah offered a list of charges in Orange County since he began working for Defendants.[3] 786-ZZPA, Inc. argues that it is entitled to a full explanation of Rahmatullah's criminal history. Again, I do not see the relevance. While a *conviction* is discoverable and may be relevant, 786-ZZPA, Inc. does not offer any argument why a 10 year history of any *arrests* pertains to any matter pled here. Such "bad act" evidence is not normally admissible to prove a person's character, See FED. R. EVID. 404(b). As worded, this interrogatory is overbroad on its face, the relevancy objection is sustained, and the motion to compel is **denied** as to this Interrogatory.

**Interrogatory No. 19**

**Did you contact[,] or hire[,or] use ASTRO SIGNS, INC. or JOSE SOSA to create, manufacture, or produce signs, posters, or other displays for the competing restaurant? If so, please identify your communications with ASTRO SIGNS, INC. or JOSE SOSA and explain what, if anything, either of them produced.**

Object to the extent that the requests, including subparts, exceed the 25 permitted by FRCP 33. Further object that the request is compound and repeatedly disjunctive and unintelligible. Responding Party cannot therefore respond to said interrogatory.

---

[3]April of 2015 – misdemeanor possession - Nolle Prosequi
May of 2015 - possession (3 counts) - Nolo contendere/Nolle Prosequi
June of 2015 - driving with suspended license - dismissed.
November of 2016 - driving with suspended license - dismissed.
September of 2016 - possession - case is still active.
September of 2016 - Driving with a suspended license - Nolo contendere. (Doc. 61-5 at 7).

[unverified amended response:]
Responding Party Amends his response to state that he did contact Jose Sosa to make a sign - and he did make the sign. After a thorough search of the records in his possession, responding party cannot identify any communications with Astro Signs or Jose Sosa.

786-ZZPA, Inc. argues that Rahmatullah's amended answer is evasive and insufficient. I disagree. If sworn, the answer, while not as detailed as 786-ZZPA, Inc. would prefer, fairly addresses the Interrogatory and provides responsive information. As the amendment is not verified, however, the motion is **granted, in part**, and Rahmatullah shall review his amended answers and provide verification within seven days from the rendition of this Order.

**Interrogatory No. 22**

> **In your answers to the Court's interrogatories (Doc. 24, ¶ 7), you only calculated totals of hours worked throughout multi-week periods but did not provide actual dates and hours worked. Please provide in detail a list of the hours you contend you worked on each date in question, and, for each date, specify whether your work was performed at 400 S. Orange Blossom Trail or 2200 Americana Boulevard and the number of hours at each. Your answer should be in chart format ...**

Object to the extent that the requests, including subparts, exceed the 25 permitted by FRCP 33. Responding Party further objects that the request is unduly burdensome. Notwithstanding and subject to those objections, Responding Party responds:
[*Original answer:*]

Responding Party does not have detailed records that demonstrate the specific dates and hours he worked. He did, however, work, on average, the number of hours as set forth in the Complaint. Further, he is producing affidavits that corroborate these claims.
[Amended answer (unverified)]

Responding Party amends his response to confirm that he does not have any records in his possession from which to draw more specific or detailed conclusions about the exact dates or times he worked at each of the restaurants. He does not currently have access to his text messages from that time frame (other than those already produced). He clearly did not work during the specific time frame when he was out of the country. He was shot once while working for Defendants - but returned to work the following day.

786-ZZPA, Inc. contends that this response is evasive and incomplete because a detailed answer is "essential." Information from which Rahmatullah could compile this "detailed list" is, according to 786-ZZPA, Inc., available to Rahmatullah by refreshing his memory with a calendar and "reviewing text messages, phone records, bank and credit card statements, travel records, hospital records (for example, for the time when he was shot), police records (if he ever arrested), and other documentation." (Doc. 61 at 13-14). I disagree that it is Rahmatullah's burden to provide this level of detail. As the Eleventh Circuit has noted:

> Although a FLSA plaintiff bears the burden of proving that he or she worked overtime without compensation, "[t]he remedial nature of this statute and the great public policy which it embodies ... militate against making that burden an impossible hurdle for the employee." <u>Anderson v. Mt. Clemens Pottery Co.</u>, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946). It is the employer's duty to keep records of the employee's wages, hours, and other conditions and practices of employment. <u>Id</u>. **The employer is in a superior position to know and produce the most probative facts concerning the nature and amount of work performed and "[e]mployees seldom keep such records themselves."** <u>Id</u>.

<u>Allen v. Bd. of Pub. Educ. for Bibb Cty</u>., 495 F.3d 1306, 1315 (11th Cir. 2007) (emphasis added). The original response is sufficient here. The motion is **denied** as to this Interrogatory.

## IV. Conclusion

To the extent ordered above, Rahmatullah shall provide full and complete responses to 786-ZZPA, Inc.'s interrogatories, signed under oath, and shall produce all documents responsive to 786-ZZPA, Inc.'s requests to produce as set forth herein within seven days from the rendition of this Order. **Rahmatullah is cautioned that failure to timely comply with the terms of this Order may result in the imposition of sanctions, including monetary sanctions and, if appropriate, dismissal of his claims.**

**DONE** and **ORDERED** in Orlando, Florida on April 19, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

      Counsel of Record
      Unrepresented Parties